UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| E. R.-L., by her parent and next friend, A. R., | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 05-40117-FDS |
| v. | ) ) ) | |
| WORCESTER PUBLIC SCHOOLS and MASSACHUSETTS DEPARTMENT OF EDUCATION, BUREAU OF SPECIAL EDUCATION APPEALS, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO SEAL**

**SAYLOR, J.**

The plaintiff in this action is a six-year-old child who has been diagnosed with autism and pervasive developmental disorder. The action arises out of a decision of a Hearing Officer at the Commonwealth of Massachusetts Bureau of Special Education Appeals concerning an individualized educational plan prepared by the Worcester Public Schools for the plaintiff.

Plaintiff has moved to seal all of the pleadings in this case on the grounds that such action is necessary to prevent the public release of embarrassing and private details concerning her condition. For the reasons stated below, the motion is denied, although the Court intends to take appropriate steps to protect the privacy of the plaintiff.

As a general matter, there is a presumption that the public has a common-law right of access to judicial documents. *In Re Providence Journal Co., Inc.*, 293 F.3d 1, 9-10 (1st Cir. 2002). "This presumptive right of access attaches to those materials 'which properly come before

the court in the course of an adjudicatory proceeding and are relevant to that adjudication.'" *Id.*, quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 412-14 (1st Cir. 1987).

The present case involves issues concerning both disclosure of mental illness—a potentially stigmatizing disability—and the privacy of a very young child. There can be no question that the plaintiff has a legitimate privacy interest in at least some of the information that is likely to come before the Court.

Rule 5.3 of the Local Rules for the District of Massachusetts provides some protection from the disclosure of unnecessary private details. That Local Rule provides in part as follows:

> **(A) Restrictions on Personal Identifiers in Filings.** . . . parties shall refrain from including, or shall partially redact where inclusion is necessary, the following personal data identifiers from all filings submitted to the court, including exhibits thereto, whether filed electronically or in paper, unless otherwise ordered by the Court.
>
> (1) *Social Security Numbers.* If an individual's social security number must be included in a filing, only the last four digits of that number should be used.
>
> (2) *Names of Minor Children.* If the involvement of a minor child must be mentioned, only the initials of that child should be used.
>
> (3) *Dates of Birth.* If an individual's date of birth must be included in a pleading, only the year should be used.
>
> (4) *Financial Account Numbers.* If financial account numbers are relevant, only the last four digits of these numbers should be used.

Although the Local Rule 5.3 is not explicit on the point, the initials of the parent of the minor child may also be used, rather than the full name, to protect the child's identity. Accordingly, and in keeping with the Local Rule, all future pleadings in this matter should bear only the initials of the plaintiff or her mother.[1] Furthermore, the clerk is hereby directed to redact

---

[1] Plaintiff should note that the responsibility of redacting personal identifiers rests with counsel and the parties, not with the clerk. Local Rule 5.3 (c).

any references to the name of the plaintiff or her mother in the existing public file.

The Court is strongly sympathetic to the need to protect the plaintiff from unnecessary disclosure of other private or embarrassing details. The Court, however, declines to issue a blanket order providing that all proceedings in this case should be impounded or sealed. Such an order would appear to be overbroad, given the general presumption of public access, and in violation of Local Rule 7.2(e), which provides as follows:

> The court will not enter blanket orders that counsel for a party may at any time file material with the clerk, marked confidential, with instructions that the clerk withhold the material from public inspection. A motion for impoundment must be presented each time a document or group of documents is to be filed.

Nonetheless, the Court will in the future entertain appropriately-targeted motions seeking to impound or redact materials where particular pleadings or exhibits raise legitimate privacy concerns. In keeping with Local Rule 7.2(e), such a motion must be filed each time a document or group of documents is to be filed. To avoid unnecessary motion practice, the parties are strongly encouraged to attempt to agree upon redactions or other measures to minimize the disclosure of private information, or alternatively upon proposed impoundment or protective orders.

For the foregoing reasons, plaintiffs motion to seal is DENIED.

**So Ordered.**

                                              /s/ F. Dennis Saylor
                                              F. Dennis Saylor IV
Dated: July 29, 2005                        United States District Judge