```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

E.R. ex rel A.R.,                )
                                 )
         Plaintiff,              )
                                 )
    v.                           )    C.A. No. 05-40117-FDS
                                 )
WORCESTER PUBLIC SCHOOLS, et.    )
al.,                             )
                                 )
         Defendants.             )

<u>MEMORANDUM AND ORDER</u>

For the reasons stated below, the Court grants the plaintiff's motion to proceed without prepayment of the filing fee and orders that the plaintiff file an amended complaint within sixty (60) days of the date of this order.

BACKGROUND

On July 13, 2005, plaintiff A.R., acting <u>pro se</u> and on behalf of minor child E.R., filed a document captioned as a complaint as well as an application to proceed without prepayment of the $250.00 filing fee. The complete text of the complaint reads:

> I wish to appeal the decision of the Hearing Officer at the Bureau of Special Education Appeals. I have attached the decision of the Hearing Officer.
>
> I am currently not represented by an attorney on the Appeal and am filing pro se. I would like 60 days to find an attorney to represent me on this appeal.

Compl. at 1. A.R. names as defendants the Worcester Public Schools, the Massachusetts Department of Education, and the Bureau of Special Education Appeals.

The administrative decision attached to the complaint indicates that, on June 10, 2005, the Massachusetts Bureau of Special Education Appeals rendered a decision concerning the education that the Worcester Public Schools and the Commonwealth of Massachusetts must provide to E.R., who is autistic, under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1487 ("IDEA"). See In Re: E.R. & Worcester Public Schools, BSEA #05-2967 (Commonwealth of Massachusetts Bureau of Special Education Appeals June 10, 2005) (Sherwood, Hearing Officer) (the "BSEA decision"). A.R. had asked that the Worcester public schools pay for her daughter to attend a private school. BSEA decision at 2. The hearing officer found, however, that an Individualized Education Plan ("IEP") proposed by the Worcester Public Schools would, with prescribed modifications, provide E.R. with a free appropriate public education in an environment less restrictive than the private school. Id. at 15; see also 20 U.S.C. § 1412(a)(1), (5).

DISCUSSION

I.  APPLICATION TO PROCEED IN FORMA PAUPERIS

Having reviewed the plaintiff's application to proceed without prepayment of the filing fee, the Court grants the plaintiff's motion to proceed in forma pauperis.

II. SCREENING OF THE COMPLAINT

    A. The Court's Authority to Screen the Complaint

Because A.R. has filed her complaint without prepayment of the filing fee, summonses have not issued in order to allow the Court to review the complaint to determine whether the complaint satisfies the requirements of the federal in forma pauperis statute. See 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting former § 1915(d)), if the action fails to state a claim on which relief may be granted, or if the plaintiff seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

    B. The Requirements of Fed. R. Civ. P. 8(a)

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This statement must 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Although "the requirements of Rule 8(a)(2) are minimal ... 'minimal requirements are not tantamount to nonexistent requirements.'"

3

Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The complaint must also include "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a)(1), (3).

Here, the plaintiff's complaint does not comply with Rule 8(a) because the plaintiff has not specified the grounds on which she objects to the BSEA decision. A party seeking judicial review under 20 U.S.C. § 1415(e)(2) may attack a state administrative decision concerning an IEP on the ground that the defendants did not comply with the procedural requirements of the IDEA. Board of Educ. of Hendrick Hudson Ctr. Sch. Dist., Westchester County v. Rowley, 458 U.S. 176, 206 (1982). A plaintiff may also challenge an IEP on the ground that the IEP, even if developed through the required procedures, is not "reasonably calculated to enable the child to receive educational benefits." Id. at 206-07. Thus, to answer A.R.'s complaint, the defendants require notice of whether A.R.'s challenge to the BSEA decision is procedural or substantive. Further, A.R. must also provide notice of the alleged misconduct of each defendant.

The Court will allow A.R. sixty (60) days from the date of this order to file an amended complaint that complies with Rule 8(a).

4

CONCLUSION

ACCORDINGLY, the Court (1) grants the plaintiff's application to proceed without prepayment of the filing fee; and (2) orders the plaintiff to file an amended complaint complying with Rule 8(a) within sixty (60) days of the date of this Order. Failure to file an amended complaint within the prescribed time period will be grounds for dismissal of this action.

7.26.05
DATE

_____
UNITED STATES DISTRICT JUDGE