UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No.  05-CV-40117-F.D.S.

---

ELIZABETH R.-L., by her parent and next friend,
ARIANA R.,
　　　　　Plaintiff

v.

WORCESTER PUBLIC SCHOOLS and
MASSACHUSETTS DEPARTMENT OF
EDUCATION, BUREAU OF SPECIAL
EDUCATION APPEALS,
　　　　　Defendants

---

## DEFENDANT WORCESTER PUBLIC SCHOOLS'
## OPPOSITION TO MOTION TO STOP IMPLEMENTATION OF HEARING

　　　The Worcester Public Schools opposes the Plaintiff's Motion to Stop Implementation of

Hearing Officer's Decision on the following grounds:

　　　1.　　This is an appeal of an administrative decision of the Massachusetts Bureau of

Special Education Appeals, dated June 10, 2005 (hereinafter, "BSEA decision"). The BSEA

decision found that the Defendant Worcester Public Schools' proposed IEP (with some

modifications) and public school placement better provides the Plaintiff, Elizabeth R-L

(hereinafter, "Elizabeth"), with a free and appropriate public education in the least restrictive

setting, rather than the private school placement requested by the Plaintiff. The decision contains

an order requiring the parties to "immediately obtain a mutually agreed upon [educational]

consultant" to assist the parties in implementing Elizabeth's educational plan ;

2.    Pursuant to M.G.L. c.30A, s. 14(3) the appeal of a BSEA decision does not operate as a stay and the final decision of the BSEA must be implemented immediately;

3.    The BSEA decision does not represent a change in placement for Elizabeth; rather, the decision upholds Elizabeth's current placement at the Worcester Public Schools;

4.    The BSEA decision is in conformity with law and is supported by substantial evidence showing that the Elizabeth's placement at the Worcester Public Schools provides Elizabeth with a free appropriate public education in the least restrictive setting;

5.    Through this motion, the Plaintiff apparently seeks an injunction from the Court preventing her continued placement at Worcester Public Schools and seeking instead a private placement; such an order would operate as a change in placement to a more restrictive setting and would thus be contrary to law;

6.    Additionally, the injunction sought by the Plaintiff would prevent Worcester Public Schools from hiring the mutually-agreed upon educational consultant to assist the parties in implementing Elizabeth's IEP, thus depriving Elizabeth of a much-needed service.

7.    As a matter of law, a preliminary injunction must not issue because Plaintiff has not satisfied the standards necessary for injunctive relief.  In order to obtain a preliminary injunction, Plaintiff must establish four elements: (1) that she is likely to succeed on the merits at trial; (2) that she will suffer irreparable harm if the preliminary injunction is not granted; (3) that the balance of hardships favors the Plaintiff; and, (4) that a preliminary injunction is in the public interest. Axelrod v. Phillips Academy, Andover, 36 F.Supp.2d 46, 49-50 (D.Mass. 1999); Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15-16 (1st Cir.1996); Packaging Industries Group v. Cheney, 380 Mass. 609, 405 N.E.2d 106, 112 (1980). "Likelihood of success is the main bearing wall of the four-factor framework." Ross-Simons, 102 F.3d at 15.

2

A preliminary injunction cannot properly issue in the instant case because the Plaintiff has offered no evidence in support of any of the grounds for the issuance of a preliminary injunction. Moreover, the issuance of a preliminary injunction would operate as a change in educational placement before the Court has had an opportunity to evaluate the substantive merits of the case and make a determination of whether a change in placement is warranted. Accordingly, a preliminary injunction should not issue at this time.

8.    The Plaintiff seeks a stay of the implementation of the BSEA decision until she has found an attorney to represent her. Worcester Public Schools reserves the right to file a further opposition to Plaintiff's motion in the event that Plaintiff files additional briefs once she obtains counsel.

WHEREFORE, the Defendant, Worcester Public Schools, seeks an order from the Court denying Plaintiff's Motion to Stop Implementation of Hearing Officer's Decision, and for all other relief as this Court deems just and appropriate.

Worcester Public Schools
by its attorney,

Paige L. Tobin, Esquire
BBO#562138
MURPHY, LAMERE & MURPHY, P.C.
Ten Forbes Road West
P.O. Box 859003
Braintree, MA  02185
Tel. (781) 848-1850
Fax (781) 849-0749

Date:  August 5, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of Defendant Worcester Public Schools' Opposition To Motion To Stop Implementation Of Hearing was served upon the following parties via first class mail, postage prepaid on August 5, 2005:

       Ariana Roque, pro se litigant
       132 Country Club Blvd.
       Worcester, MA  01605

       Rhoda E. Schneider, General Counsel
       Massachusetts Department of Education
       350 Main Street
       Malden, MA  02148-5023

                            Paige L. Tobin, Esquire