UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
**E. R.-L., by her parent and** )
**next friend, A. R.,** )
)
      **Plaintiff,** )    Civil Action No.
)    05-40117-FDS
      v. )
)
)
**WORCESTER PUBLIC SCHOOLS and** )
**MASSACHUSETTS DEPARTMENT OF** )
**EDUCATION, BUREAU OF SPECIAL** )
**EDUCATION APPEALS,** )
)
      **Defendants.** )
)
_____

### MEMORANDUM AND ORDER ON MOTION TO
### STOP IMPLEMENTATION OF HEARING OFFICER'S DECISION

**SAYLOR, J.**

      Plaintiff E. R.-L., by her parent and next friend, A. R., proceeding *pro se*, has filed a "motion to stop implementation of [the Bureau of Special Education Appeals] hearing officer's decision." Plaintiff is a school-age child with a disability. Although the motion does not state the precise relief sought, it appears that plaintiff seeks to enjoin the placement of E. R.-L. in the Worcester Public Schools for the upcoming school year, as opposed to a private placement. The motion seeks to stop that placement "until [A.R.] found an attorney to represent her daughter and herself in this Appeal and until there has been a hearing on a preliminary injunction preventing the implementation of the BSEA Hearing Officer's Decision."

      The Court will treat plaintiff's motion as a motion for temporary restraining order under Fed. R. Civ. P. 65(b). To be entitled to a temporary restraining order, a party must show: (1) a

substantial likelihood of success on the merits; (2) a significant risk of irreparable harm if the restraining order is withheld; (3) a favorable balance of hardships; and (4) that the public interest will not be adversely affected by the granting of the restraining order. *See United States v. Rural Lot # 11*, 93 Fed. Appx. 241, 243 n.1 (1st Cir. 2004); *EEOC v. Astra USA, Inc.*, 94 F.3d 738, 742 (1st Cir. 1996).

Plaintiff has offered no evidence at this stage to support the issuance of a preliminary injunction. In particular, plaintiff has submitted nothing to suggest that she is likely to succeed on the merits of her claims. The issue is further complicated by the fact that plaintiff appears to seek not merely an order preserving the status quo, but affirmatively requiring a different placement (and, presumably, a different educational plan).

The Court is cognizant of the fact that plaintiff is proceeding *pro se*, and that trained counsel might well be able to marshal evidence and arguments to reach a different conclusion. Accordingly, this denial is without prejudice to plaintiff's right to seek appropriate preliminary relief in the future.

For the foregoing reasons, plaintiff's Motion to Stop Implementation of Hearing Officer's Decision (Docket No. 5) is DENIED without prejudice.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: August 23, 2005