UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No.  05-CV-40117-F.D.S.

ELIZABETH R.-L., by her parent and next friend,
ARIANA R.,
          Plaintiff

v.

WORCESTER PUBLIC SCHOOLS and
MASSACHUSETTS DEPARTMENT OF
EDUCATION, BUREAU OF SPECIAL
EDUCATION APPEALS,
          Defendants

**DEFENDANT WORCESTER PUBLIC SCHOOLS'**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

      The Defendant, the Worcester Public Schools, hereby submits the following Memorandum of Law in support of its Motion for the dismissal of Plaintiff's Complaint pursuant to Rule12(b)(6) of the Federal Rules of Civil Procedure.  In short, the Defendant states that this Honorable Court has already determined that Plaintiff's Complaint fails to state a claim upon which relief can be granted because it does not provide notice of whether the Plaintiff's challenge to the BSEA decision is procedural or substantive, nor does it provide notice to the Defendant of the Defendant's alleged misconduct.  By order dated July 26, 2005, the Court allowed the Plaintiff sixty (60) days to file an amended Complaint satisfying the standards of Rule 8(a), but the Plaintiff has failed to file the amended Complaint.

      On the basis of the foregoing, the Defendant respectfully argues that Plaintiff's Complaint must be dismissed pursuant to Rule12(b)(6) of the Federal Rules of Civil Procedure.

## I. FACTUAL BACKGROUND

For purposes of this Motion to Dismiss, the Defendant, the Worcester Public Schools, relies upon the following uncontested facts:

1. The Plaintiff's Complaint purports to be an appeal of an administrative decision of the Massachusetts Bureau of Special Education Appeals, dated June 10, 2005 (hereinafter, "BSEA decision").  *See Plaintiff's Complaint.*

2. The BSEA decision found that the Defendant Worcester Public Schools' proposed IEP (with some modifications) and public school placement better provides the Plaintiff, Elizabeth R-L with a free and appropriate public education in the least restrictive setting, rather than the private school placement requested by the Plaintiff. *See BSEA decision attached to Plaintiff's Complaint.*

## II. PROCEDURAL HISTORY

1. The Plaintiff filed a Complaint *pro se*, on July 13, 2005, in which she stated that she "wished to appeal the [BSEA] decision" and that because she was not represented by counsel, she "would like 60 days to find an attorney to represent me."

2. On the same date, the Plaintiff filed an Application for Leave to Proceed in *Forma Pauperis*.

3. By Memorandum and Order dated July 26, 2005, the Court (Saylor, J) granted Plaintiff's Motion for Leave to Proceed in *Forma Pauperis*.  The Order noted that Plaintiff's Complaint dated July 13, 2005 "does not comply with Rule 8(a) because the plaintiff has not specified the grounds on which she objects to the BSEA decision." The Court granted the Plaintiff sixty (60) days from the date of

      the July 26, 2005 order to file an amended Complaint that complies with Rule 8(a).

4.     By the Court's Memorandum and Order, the Plaintiff's Amended Complaint was due on September 24, 2005.

### III.   III. LEGAL STANDARD PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

A motion for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. In considering a Rule 12(b)(6) motion, the district court must view the plaintiff's complaint through the prism of Fed.R.Civ.P. 8(a)(2)'s notice pleading requirements. *Redondo-Borges v. U.S. Dep't of Housing and Urban Develp.,* 421 F3d 1 (1st Cir. 2005); *Centro Medico del Turabo, Inc. v. Feliciano de Melecio,* 406 F.3d 1, 5 (1st Cir.2005). "A complaint satisfies that standard if it contains 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Id.* The court must "assume the truth of all well-pleaded facts and indulge all reasonable inferences that fit the plaintiff's stated theory of liability." *In re Colonial Mortg. Bankers Corp.,* 324 F.3d 12, 15 (1st Cir.2003). However, the court need not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996).

### IV.   ARGUMENT

The Court by order dated July 26, 2005 allowed the Plaintiff sixty days (until September 24, 2005) to file an Amended Complaint. The time period has expired and the Plaintiff has failed to file an Amended Complaint  The Court has already found that the Plaintiff's original Complaint fails to state a claim upon which relief can be granted because it does not provide

3

notice to the Defendant about whether the Plaintiff's challenge to the BSEA decision is procedural or substantive. *See Memorandum and Order, dated July 26, 2005*. Additionally, the Complaint does not provide notice to the Defendant about whether the Plaintiff claims that the BSEA decision was allegedly contrary to law or unsupported by substantial evidence. The Complaint does not provide notice to the Defendant about the alleged misconduct of the Defendant, Worcester Public Schools. Accordingly, the Defendant is hampered in its defense of the Plaintiff's claim because the Defendant does not have fair notice of what the Plaintiff's claim is and the grounds upon which it rests. Additionally, the Plaintiff has not sought additional time from the Court in order to file her amended Complaint.

      For these reasons, the Defendant, Worcester Public Schools, seeks an order from the Court dismissing Plaintiff's Complaint, and for all other relief as this Court deems just and appropriate.

                                    Worcester Public Schools
                                    by its attorney,

                                    /s/ Paige L. Tobin
                                  Paige L. Tobin, Esquire
                                  BBO#562138
                                  MURPHY, LAMERE & MURPHY, P.C.
                                  Ten Forbes Road West
                                  P.O. Box 859003
                                  Braintree, MA  02185
                                  Tel. (781) 848-1850
Date:  October 5, 2005                Fax (781) 849-0749

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of Defendant Worcester Public Schools' Memorandum In Support Of Motion To Dismiss was served upon the following parties via first class mail, postage prepaid on October 5, 2005:

Ariana Roque, *pro se*
132 Country Club Blvd.
Worcester, MA  01605

Sookyoung Shin, Assistant Attorney General
The Commonwealth of Massachusetts
Office of Attorney General
Government Bureau
One Ashburton Place
Boston, MA 02108-1598


　　/s/ Paige L. Tobin
　　Paige L. Tobin, Esquire